GEORGE MENTZER v. H. D. BURLINGAME *et al.*

No. 14,171. (81 Pac. 196.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Joinder of Actions.* Under section 83 of the code of civil procedure (Gen. Stat. 1901, sec. 4517), where several causes of action are joined they must all belong to one class and must affect all the parties, except in suits of foreclosure.

2. ——— *Petition and Demurrer.* Where a trial court, in sustaining a demurrer to a petition on the ground that it fails to state facts sufficient to constitute a cause of action, specifically bases the order upon the ruling that the causes of action are barred by the statute of limitations, and the petition does not show that fact, the judgment will be reversed.

Error from Woodson district court; OSCAR FOUST, judge. Opinion filed June 10, 1905. Affirmed in part, reversed in part.

*Kirkpatrick & Holmes,* for plaintiff in error.

*Lamb & Hogueland,* and *B. F. Shinn,* for defendants in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: In this case the plaintiff, Mentzer, sued the defendant Burlingame, and five other defendants, for contribution to judgments on

ten different promissory notes given for different amounts at different times from about May 11, 1897, to February 4, 1902. The plaintiff alleges that all of the notes were given to secure loans negotiated by a corporation organized for the purpose of building and equipping a creamery; that all of the signers were sureties for the creamery company and were officers and members of the creamery association; that the plaintiff and one of the defendants signed all of the notes; that two of the defendants signed four notes each; that one signed three notes, and that two of the defendants signed only one note; that some of the notes were given in renewal of others, and that the indebtedness of the creamery association secured by the notes arose out of the transaction of building and equipping a creamery; that judgments had been rendered against him for the entire amount and he had paid them in full. The petition purports to set forth but one cause of action and states the sum claimed from each defendant.

The defendants severally demurred to the petition on three grounds: (1) That there was another action pending between the same parties for the same cause; (2) that several causes of action were improperly joined; (3) that the petition did not show facts sufficient to constitute a cause of action against this defendant. Each demurrer was sustained by the court, upon the grounds that there was a misjoinder of actions and that the causes of action were barred by the statute of limitations.

The plaintiff elected to stand upon his petition and predicates the proceeding in error in this court upon the ruling upon the demurrer.

It is apparent from the petition, numbering the notes from 1 to 10, that notes Nos. 1, 2, 4, 6, and 7, at least, were given for independent loans at different times, and that all of the notes except No. 4 were given to one man, or to a bank owned by him, and that

No. 4 was given to one Mrs. McKinney for a $400 loan. Two of the defendants signed note No. 4, and no other, and one of the defendants did not sign this note.

Whatever may be the rule of contribution as between signers of different notes given to secure the same indebtedness, or of uniting in one action for contribution all sureties on notes given for the same indebtedness, it must be conceded that sureties on different notes for independent loans are not cosureties, and that each separate loan constitutes a separate cause of action, and that one who, as surety, signs a note which is a separate cause of action is not affected by an action on another note to which he is a stranger. If so, these separate causes of action, even if they arose out of the same transaction, were improperly joined. (*L. N. & S. Rly. Co. v. Wilkins,* 45 Kan. 674, 26 Pac. 16; *Hurd v. Simpson,* 47 id. 372, 27 Pac. 961; *Rizer v. Comm'rs of Davis Co.,* 48 id. 389, 29 Pac. 595.)

If the entire indebtedness secured by these notes had been established against the corporation, and the plaintiff, as an officer of the corporation, had paid it and sought contribution from the defendants as stockholders, a different rule would perhaps apply. The two defendants who signed note No. 4 to secure the loan of $400 from Mrs. McKinney are in no sense cosureties with the plaintiff or with the defendants who, months before, signed notes Nos. 1 and 2, to secure loans for $1000 and $1200, respectively, from a bank. Nor did the indebtedness to Mrs. McKinney and to the bank arise out of the same transaction, even if all the money borrowed was used by the corporation for the general purpose of erecting and equipping a creamery.

In the judgment of dismissal the trial court specifically stated that it sustained the demurrer not only upon the ground that several causes of action were improperly joined but also upon the ground that the sev-

eral causes of action were barred by the statute of limitations. The petition does not show upon its face that the causes of action are barred. A surety's right of action for reimbursement or contribution accrues when he pays the debt of his principal or cosureties, and the statute then begins to run. The fact that an action on the original debt is barred at the time the surety begins his proceeding for reimbursement or contribution is immaterial; it is only necessary that the debt be not barred at the time the surety pays it.

The ruling sustaining the demurrer on the ground of misjoinder of actions is approved, but the judgment of dismissal must be vacated because of the error in sustaining the demurrer on the ground that the causes of action were barred by the statute of limitations. By the judgment of dismissal on the grounds stated the plaintiff was denied the statutory right of filing several petitions and proceeding without further service. The case is remanded, with instructions to proceed in accordance with the views herein expressed.

All the Justices concurring.