Mentzer v. Burlingame.

---

GEORGE MENTZER v. H. D. BURLINGAME *et al.*

No. 15,204.     (97 Pac. 371.)

SYLLABUS BY THE COURT.

SURETYSHIP AND GUARANTY — *Contribution — Limitation of Actions.* A surety's right of action for contribution against a cosurety accrues at the time he pays the debt of the principal, and the statute of limitations does not begin to run against his cause of action until he has paid the debt.

Error from Woodson district court; OSCAR FOUST, judge. Opinion filed June 6, 1908. Reversed.

*S. S. Kirkpatrick,* and *S. C. Holmes,* for plaintiff in error.

*G. H. Lamb,* and *W. E. Hogueland,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: A former judgment was reversed for error in sustaining a demurrer based on the statute of limitations, which defense this court held did not appear on the face of the petition. (*Mentzer v. Burlingame,* 71 Kan. 581, 81 Pac. 196.) Plaintiff and defendant were cosureties for the Yates Center Creamery Association on two promissory notes which were held by the Yates Center Bank. On April 11, 1898, when the notes matured, the bank took a new note for the amount of both, which was signed by the plaintiff and other cosureties but which was not signed by the defendant. Thereafter the bank obtained a judgment against the

plaintiff upon the last-mentioned note. He satisfied the judgment on June 10, 1903, and afterward brought this suit for contribution against his cosureties, including the defendant, Burlingame. The cause was tried to the court without a jury. The court made findings of fact, and held as conclusions of law that the giving of the last note to the bank constituted a payment of the two notes signed by Burlingame; that any cause of action in favor of the plaintiff against his cosureties accrued at that time, and, as this suit was not begun until March 2, 1904, it was barred by the statute of limitations. In this we think the learned judge erred. The original notes were simply renewed by the giving of the new note. This is shown conclusively by the evidence and findings of fact. No proof was offered which even tended to show an agreement between the bank and the makers of the new note that it should operate as payment. The bank retained the old notes, which were not stamped or marked "paid." *Prima facie* the giving of the new note was merely a renewal, and not a payment. The burden rested upon the defendant to show the contrary. (*Stetler v. King,* 43 Kan. 316, 23 Pac. 558, and cases cited; *Webb v. Bank,* 67 Kan. 62, 72 Pac. 520.)

The statute did not begin to run until the cause of action for contribution accrued, and that was when the surety satisfied the debt. The action was not upon the note nor upon the judgment, but upon the implied promise for contribution. (*Reed v. Humphrey,* 69 Kan. 155, 76 Pac. 390; *Gross v. Davis,* 87 Tenn. 226, 11 S. W. 92, 10 Am. St. Rep. 635; *Zuellig v. Hemerlie et al.,* 60 Ohio St. 27, 53 N. E. 447, 71 Am. St. Rep. 707.) A surety's right of action for contribution from a cosurety accrues at the time he pays the debt. The statute of limitations does not begin to run against his right until such payment. (*Loewenthal v. Coonan,* 135 Cal. 381, 67 Pac. 324, 1033, 68 Pac. 303, 87 Am. St. Rep.

Railway Co. v. Bentley.

115. See, also, extended note to *Scott v. Nichols*, 27 Miss. 94, in 61 Am. Dec. 504-508.)

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.