GEORGE MENTZER, *Appellee,* v. H. D. BURLINGAME
*et al., Appellants.*

No. 16,858.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Declaration of Person Since Deceased.* Declarations made by a person since deceased against his pecuniary or proprietary interest concerning facts within his knowledge, which are material and relevant to the issue, are admissible in evidence although not a part of the *res gestæ,* and although the declarant was not a party nor in privity with a party to the action.

2. ——— *Same.* The statement of the holder of promissory notes to one of the joint makers that "the notes are settled and paid so far as you are concerned" is not material evidence for such joint maker in an action for contribution by another joint maker who gave a new note for the indebtedness, which he afterward paid.

Appeal from Woodson district court. Opinion filed November 11, 1911. Affirmed.

*G. H. Lamb,* and *W. E. Hogueland,* for the appellants.

*S. C. Holmes,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is the third appeal in this case. (*Mentzer v. Burlingame,* 71 Kan. 581, 81 Pac. 196; 78 Kan. 219, 97 Pac. 371.)

The plaintiff and the defendant, with others, as sureties for the Yates Center Creamery Association, gave two promissory notes, signed by themselves jointly, to the Yates Center Bank to discharge debts of the association. After these notes became due, on April 9, 1898, a new note was given for the amount of both, including $200 for other debts of the association, which note was signed by the plaintiff and two cosureties who had signed the original notes, but was not signed by the

41—85 KAN.

defendant. A judgment was afterwards rendered for the amount of the note last mentioned against the makers, which judgment was paid by the plaintiff on September 29, 1903, who thereupon brought this action for contribution against H. D. Burlingame and others, who had signed the original notes. The answer pleaded that the plaintiff's claim was barred by the statute of limitation. The judgment was for the plaintiff, and Burlingame appeals.

Upon the former trial the district court held that the last note was a payment of the two former notes and that the period of limitation, dating from such payment, had elapsed before this action was commenced, and therefore the plaintiff—the appellee here—could not recover. That judgment was reversed because no proof had been offered tending to show any agreement that the last note should operate as payment; that *prima facie* it was a renewal of the existing debt; and that the right to contribution did not accrue until the judgment was satisfied. On the last trial the appellant sought to prove that the note sued upon was in fact given in payment and not in renewal of the existing indebtedness. In support of this contention the appellant testified that he never gave his consent to a renewal of the first notes, and was not asked to sign the last one, and that before it was given the appellee had told him that "they would look after the notes; . . . they would take care of them; and it wouldn't be anything to me; that so far as I was concerned they would look after the notes themselves." He further testified that he spoke to Mr. Winter—who was the owner of the Yates Center Bank, the holder of the notes—about them, and that he said "the notes were paid so far as I was concerned."

The old notes were not canceled, but remained in the possession of the bank after the new note was given, and other evidence on the part of the appellee tended to show that they had not been paid, but were renewed

as claimed by him. Thus the issue presented was whether the old notes had been paid or merely renewed. Before the case was submitted to the jury it was made to appear that Winter had died since the last note was given; thereupon the court struck out the testimony of conversations with him relating to the notes. This ruling is assigned as error. The court held that the testimony withdrawn was incompetent under the statute relating to conversations with a deceased person. (Civ. Code, § 320.) That provision does not apply. The appellee was not the personal representative, heir at law, next of kin or surviving partner of the deceased, and although the judgment was assigned to him after he paid it, he did not sue as such assignee, but as a surety for contribution against his cosureties, having paid the joint obligations. His right to contribution does not rest upon the judgment, but upon payment of the debt. If the testimony stricken out was otherwise competent, and was material to the issue, it should have been received. It is true that Mr. Winter was a stranger to the record and not in privity with the appellee, and his statements are therefore hearsay. Nevertheless they were admissible under a well-recognized exception to the general rule excluding hearsay statements. The declarations of a deceased person made against his pecuniary or proprietary interest concerning facts within his knowledge, which are material and relevant to the issue, are admissible in evidence although not a part of the *res gestæ* and although the declarant was not a party nor in privity with a party to the action. (1 Ell. Ev. § 434 *et seq.;* 1 Greenl. Ev., 16th ed., §§ 147-149; 1 Wharton, Ev., § 226; 2 Wig. Ev. §§ 1455-1470.) The admissibility of the evidence rests upon the improbability that one will admit that which it is for his pecuniary interest to deny. (*Walker v. Brantner,* 59 Kan. 117, 52 Pac. 80; *Kinkley v. Davis,* 6 N. H. 210; *Halvorsen v. Moon &*

*Kerr Lumber Co.*, 87 Minn. 18, 91 N. W. 28; 94 Am. St. Rep. 672, note.)

The question remains whether the testimony stricken out was material. The statement, "The notes are paid so far as you are concerned," does not prove or tend to prove that they were in fact paid, but leaves an implication that they were not. The language quoted does not state a fact, but expresses an opinion that the appellant had been released because he had not signed the new note. The fact appeared that the notes had not been surrendered or canceled, but were held by the payee, still claiming the right to recover upon them from some of the makers. The appellant did not pay them, and his cosureties gave a new note for the amount. While the statement of Mr. Winter that the notes were paid so far as appellant was concerned might have been important if he had brought a suit to collect them, it must be remembered that this action is by a cosurety, and is not upon the notes, but for contribution upon payment of the indebtedness which they had represented and which was afterwards represented in the new note. In this situation, the statement of Winter referred to the appellant's liability simply. If it could have been effectual to discharge that liability to the payee, it could not affect his liability to his cosureties. The fact that appellant objected to a renewal of the indebtedness does not affect the rights of his cosurety who paid it. He might have paid it himself, and so avoided a renewal. The testimony stricken out was not material to the issue.

The testimony of the appellant that the appellee himself promised to take care of the notes was considered by the jury in connection with all the facts and circumstances proven, and its weight was for the jury to determine.

The appellant also contends that, as it was shown that other indebtedness of the creamery association for which he was never liable formed a part of the amount

of the last note, it can not be held to be a renewal of the indebtedness of the sureties upon the old notes. The additional amount, however, did not prevent the new note from being a renewal to the amount of the existing indebtedness, and that amount, it seems, was agreed upon at the trial.

Finding no error in the record affecting the substantial rights of the appellant, the judgment is affirmed.