No. 47,540

E. L. Cipra, *Appellee*, v. George C. Seeger, a/k/a George Seeger, *Appellant*.

(529 P. 2d 130)

Opinion filed December 7, 1974.

*Thomas A. Krueger*, of Emporia, argued the cause, and was on the brief for the appellant.

*James W. Putnam*, of Emporia, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an action by E. L. Cipra (plaintiff-appellee) against George C. Seeger (defendant-appellant) for contribution alleged in two counts of the petition. The matter was tried to the court and resulted in a judgment on each count in favor of the plaintiff. The defendant has duly perfected an appeal.

The only questions presented are whether the trial court properly applied the law to the facts established relative to each of the counts in the petition.

The evidence established that Cipra was vice-president and Seeger was president and general-manager of a Kansas corporation known as Kanco, Inc. While the parties were engaged in business Cipra and his wife received a number of checks, each in the amount of $423 from Skelly Oil Company, totaling $9,306. Both Cipra and Seeger thought that Skelly was making payments as rental for Kanco, Inc. property (the payments, however, were made in error). The funds were placed in a joint savings account in the name of Cipra and Seeger. Subsequently by agreement $8,000 was withdrawn by Cipra and paid on a personal obligation of Cipra. Cipra told Seeger he was giving Seeger a credit of $4,000 on an obligation owed by Seeger to Cipra.

When Skelly Oil Company discovered the error it filed suit against Cipra and recovered a judgment against him in the amount of $9,306. Cipra has not paid anything on the judgment in favor of Skelly Oil Company.

Cipra thereupon brought this action in Count 1 to recover from Seeger one-half of the judgment rendered in favor of Skelly Oil Company.

The trial court applied K. S. A. 60-2413 and held "that plaintiff is entitled to contribution from defendant for a sum equal to one-half of the judgment due Skelly Oil Company."

In ruling on this count the trial court erred. There is no substantial evidence to support the finding that Cipra is entitled to contribution from Seeger.

The right to contribution is the right of one who has discharged a common liability to recover from another who is also liable. The general rule is that one who is compelled to pay more than his just share is entitled to contribution against others who have a common liability. This rule has been codified in K. S. A. 60-2413 which provides in part:

". . . Persons jointly liable to another in contract are entitled to contribution among themselves as heretofore recognized by principles of equity. . . ."

The basis of this action is a judgment rendered against Cipra and in favor of Skelly Oil Company. To support this action it must be established that Cipra and Seeger had a common joint liability to Skelly Oil Company. There is no evidence of any common or joint liability due from Cipra and Seeger to Skelly Oil Company.

The evidence is to the contrary. The payments made by Skelly were made payable to Cipra and his wife. The judgment rendered in favor of Skelly Oil Company, which was the basis of the suit for contribution, was against Cipra. Seeger was not a party to that action.

Furthermore, the evidence is undisputed that Cipra did not pay any part or portion of the judgment rendered in favor of Skelly Oil Company against him.

The right to contribution becomes complete and enforceable only upon payment of more than the claimant's share. It is the discharge by one common obligor of more than his fair share that gives rise to the right of contribution. (18 Am. Jur. 2d, Contribution § 9 and *Mentzer v. Burlingame*, 78 Kan. 219, 97 Pac. 371.)

Assuming the facts are otherwise sufficient to give rise to a situation for contribution, the plaintiff not having paid the judgment, his cause of action had not accrued when the petition was filed.

The facts giving rise to the cause of action alleged in Count 2 of the plaintiff's petition may be stated as follows.

Cipra and Seeger executed a $20,000 note to the Citizens National Bank and Trust Company of Emporia, Kansas, on behalf of Kanco, Inc. The proceeds of the note were used for operating expenses for the corporation, Kanco, Inc., and the note was renewed periodically by executing renewal notes. On May 30, 1971, a renewal note was again made on behalf of Kanco, Inc., signed on the face of the note under Kanco, Inc., by Cipra and Seeger. It was also indorsed on the reverse side by Cipra and Seeger as individuals. This note was due August 28, 1971, and was marked paid August 6, 1971. Prior to August 6, 1971, Seeger had resigned his position with the corporation and was no longer associated with it. On August 6, 1971, there were sufficient assets of Kanco, Inc., to satisfy the note.

This action was filed by Cipra, who contended he paid the note and was therefore entitled to contribution for one-half of the note from Seeger. The trial court held in favor of Cipra entering judgment for one-half of the amount of the note.

Cipra testified that he paid the note by the execution of a renewal note. However, the renewal note was not offered in evidence.

Seeger contends Cipra did not pay the note and that it was error for the trial court to permit Cipra to testify that he paid the note, when the renewal note which was alleged to have been given in payment was in existence and under the control of Cipra.

While Cipra testified that he paid the note, he *admitted* on cross-examination that he did not know when it was paid; that it was paid by executing a new note; and when he was asked "who executed that note?" Cipra testified:

"MR. CIPRA: What do you mean 'who'?

"MR. KRUEGER: Well, did Kanco execute the note? Did Norma Johnson execute the note? Did a—who paid it?

"MRS. CIPRA: Norma and myself in favor of Kanco, if I may interrupt.

"MR. KRUEGER: So, the note that was given in connection with or for Defendant's exhibit No. 1 could have been a Kanco Note signed by Norma Johnson and your wife?

"MR. CIPRA: Possibly.

"MR. KRUEGER: And has that note ever been paid in cash or just another note?

"MR. CIPRA: A note.

"MR. KRUEGER: . . . or just another note executed?

"MR. CIPRA: Just another note executed.

"MR. KRUEGER: In effect, a renewal from an existing note . . .

"MR. CIPRA: Right.

"MR. KRUEGER: . . . *by Kanco?*

"MR. CIPRA: *Yes.*" (Emphasis added.)

In view of Cipra's admission on cross-examination that the note in question was paid by a renewal note given by Kanco, it is unnecessary to consider the trial court's failure to require the production of the renewal note to establish the facts. (See K. S. A. 60-467.)

On the foregoing testimony the trial court was not warranted in finding Cipra had paid the indebtedness by the execution of a renewal note.

In *Hiniger v. Judy,* 194 Kan. 155, 398 P. 2d 305, this court held:

"A verdict cannot be upset if there is any evidence in the record to support it, where such issue is clearly presented without complicating factors, but such rule yields to the impact of admissions made by a party in his testimony while a witness in the case, and such admissions are binding and conclusive upon him if uncontradicted or unexplained, whether such admissions are elicited on direct examination or on cross examination of the party." (Syl. ¶ 2.)

The rule is the same where a case is tried to the court without a jury and a finding is made contrary to an admission made by a party in his testimony.

The evidence is uncontradicted that the note in question bore a due date of August 28, 1971, and was marked paid August 6, 1971, 22 days prior to its maturity. At the time the renewal note by Kanco was given in payment of the note in question on August 6, 1971, Kanco was solvent and had sufficient assets to satisfy the

obligation. In the absence of evidence to the contrary it must be assumed that the bank accepted the renewal note of Kanco as satisfaction of the obligation on the original note. Such a payment discharged Kanco's liability under the original note (K. S. A. 84-3-603). But Seeger and Cipra were also liable on the original note as indorsers (See K. S. A. 84-3-402) since they indorsed the note as individuals. However, their liability was also discharged when Kanco, Inc., paid the note. (K. S. A. 84-3-601) [3] [*b*].)

The judgment of the trial court in favor of Cipra on both counts of the petition is reversed with directions to enter judgment for the appellant, Seeger.