**ST. LOUIS SOUTHWESTERN RAILWAY CO., a Corporation, Plaintiff,**

v.

**The BOARD OF COUNTY COMMISSIONERS OF SEWARD COUNTY, KANSAS; Seward County, Kansas; National Carriers, Inc.; Patricia A. Shoemate; and National Continental Insurance and/or Progressive Casualty Insurance Co., Defendants.**

Civ. A. No. 88–4315–O.

United States District Court,
D. Kansas.

July 7, 1989.

Mark L. Bennett, Jr., Bennett, Dillon & Callahan, Topeka, Kan., for plaintiff.

**14**

Dana M. Harris, Wallace, Saunders, Austin, Brown & Enochs, Chtd., Overland Park, Kan., John W. Lee, Susan A. Carstens, John W. Lee & Associates, Houston, Tex., for Nat. Carriers, Inc., Patricia A. Shoemate, Nat. Continental Ins., and Progressive Cas. Ins. Co.

Lee Turner, Allen Glendenning, Harry Bleeker, David Lips, Lisa Beran, Great Bend, Kan., for the Bd. of County Com'rs of Seward County, Kan., and Seward County, Kan.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This action arises from a February 4, 1987, truck-train collision in Liberal, Kansas. Plaintiff railway has brought this lawsuit to recover property damages caused by the collision and to seek contribution for personal injury damages for which it may be liable in a related Federal Employers' Liability Act ("FELA") case, which case was filed in Texas state court by the railway engineer injured in the collision. Plaintiff railway is one of six named defendants in the Texas FELA case. This matter is before the court on defendants Shoemate's, National Carriers, Inc.'s, and Progressive Casualty Insurance Company's motion for dismissal of those portions of Counts I and II in plaintiff's complaint relating to its claim for contribution. For the reasons discussed below, defendants' motion will be granted.

FELA makes no provision for contribution. As the Kansas Supreme Court explained:

> FELA makes no provision for the reduction of damages recoverable by an employee against the carrier on account of the fault of any third person. Liability is thus imposed upon the carrier for all damages sustained by its employee except any part attributable to the negligence of the employee, if the injury is wholly or partly caused by the railroad's negligence....
> A railroad's right to recover indemnity or contribution from a third party for liability incurred under FELA depends entirely on state law. FELA, while not providing

for contribution, does not prevent the railroad from attempting to recover its losses from a third party.

*Gaulden v. Burlington Northern, Inc.,* 232 Kan. 205, 210–11, 654 P.2d 383, 389 (1982) (citations omitted).

Under Kansas law, which applies in this diversity action, a defendant in a FELA action may seek contribution or "comparative implied indemnity" from a third-party tortfeasor. *Id.* at 214, 654 P.2d at 391. The right to contribution from a third-party tortfeasor has some limitations, however. First, to make out a claim for contribution, a carrier must establish "(1) that the third party's negligence partially caused or contributed to the injury and damage, (2) that the carrier has some causal negligence, and (3) that the injured employee's causal negligence is less than 50% of the total causal negligence." *Id.* Second, in keeping with the "one lawsuit" rule in Kansas, the causal fault or negligence of all parties and the percentage fault of each is to be determined in one lawsuit. *Id.* Essentially, the *Gaulden* case allows a defendant carrier to transform a FELA action into a comparative negligence action and eliminate the need for "contribution", since "[t]he equitable need for contribution vanishes" when the fault and liability of all tortfeasors is proportionally determined in one lawsuit. *Teepak, Inc. v. Learned,* 237 Kan. 320, 325, 699 P.2d 35, 40 (1985).

In its response to defendants' motion, plaintiff basically asks the court to extend the *Gaulden* rule to a non-FELA case in which the carrier is the plaintiff, not the defendant. Because the *Gaulden* holding is narrowly defined to allow contribution in favor of "a carrier against whom suit is brought under FELA," *Gaulden,* 232 Kan. at 214, 654 P.2d at 391, we decline to extend it to the case at hand. Additionally, even if we found *Gaulden* to be controlling, the plaintiff railway would have several problems in establishing the above-listed prerequisites for stating a contribution claim. For example, the railway's injured engineer is not a party to this action; thus, his percentage of fault will be determined only in his FELA lawsuit against the railway. Also, until the FELA action pending in Texas state court reaches judgment,

we can only speculate as to what the engineer will recover, or even if he is entitled to recover damages for his personal injuries. Additionally, the engineer seeks recovery for his personal injuries from different defendants than are named in plaintiff railway's case. Only two defendants are common to both lawsuits: Patricia Shoemate and National Carriers, Inc. Consequently, the determination of proportional liability will be different in each case, and, ostensibly, plaintiff railway could be entitled to contribution from tortfeasors who are not parties to the action before the court.

■ Stating the problem another way, the court finds plaintiff's claim for contribution is not ripe. Until the third parties', the engineer's and the railway's percentage of negligence is determined, the railway has no right to contribution. *Id.; see also, Cipra v. Seeger*, 215 Kan. 951, 953, 529 P.2d 130, 133 (1974) ("The right to contribution becomes complete and enforceable only upon payment of more than the claimant's share."). Therefore, plaintiff's claim for contribution will be dismissed.

IT IS THEREFORE ORDERED that defendants Shoemate's, National Carriers, Inc.'s, and Progressive Casualty Insurance Company's motion to dismiss those portions of Counts I and II of plaintiff's complaint which attempt to state a claim for contribution is granted.