**James J. TERSINER, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPA-NY, and Michael Gretencord d/b/a Penn's Apco, Defendants.**

**Civ. A. No. 89–2299–O.**

United States District Court,
D. Kansas.

Aug. 6, 1990.

Henri J. Watson, Kansas City, Mo., William Metcalf, Metcalf & Justus, Topeka, Kan., for plaintiff.

Brian G. Boos, Gehrt & Roberts, Chartered, Topeka, Kan., Michael B. Buser, N. Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on the motion of defendant Michael Gretencord (hereinafter "Gretencord") for reconsideration. Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position or the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990). The court previously decided that the interests of judicial economy, convenience and fairness to the litigants would be best served if pendent party jurisdiction was exercised over the defendant. We also concluded that James Tersiner (hereinafter "Tersiner") had a viable cause of action based on negligence. Gretencord now respectfully submits that pendent party jurisdiction may not be exercised in the case at bar, in light of the recent ruling by the United States Supreme Court in *Finley v. United States,* —— U.S. ——, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). For the reasons stated below, we will grant defendant Gretencord's motion for reconsideration.

Plaintiff, a trackman for Union Pacific Railroad Company (hereinafter "Union Pacific"), instituted an action under the Federal Employers' Liability Act (hereinafter "FELA"), 45 U.S.C. § 51 *et seq.,* against his employer, and requests that the court

exercise pendent jurisdiction over defendant Gretencord. Gretencord owns and operates Penn's Apco service station in Garnett, Kansas. On July 23, 1987, Tersiner proceeded to Gretencord's refrigerated semi-trailer to pick up some ice pursuant to his job duties. While Tersiner was reaching for a bag of ice from the trailer's dock, he allegedly caught his foot between slats in a pallet, fell backward, and sustained injuries to his right shoulder.

In the court's memorandum and order dated June 7, 1990, we relied on the Supreme Court's holding in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), to find pendent jurisdiction.[1] In *Aldinger,* the Supreme Court held that a federal court may exercise pendent party jurisdiction only after determining "that Congress in the statutes conferring jurisdiction has not expressly or by implication *negated* its existence." *Id.* at 18, 96 S.Ct. at 2422 (emphasis added). We were persuaded by this standard to read *Aldinger* narrowly, concluding that pendent party jurisdiction was permitted under the FELA because it had not been implicitly or explicitly prohibited by Congress.

The question of whether federal jurisdiction is properly asserted over Gretencord must now be evaluated in light of the Supreme Court's recent decision, *Finley v. United States,* ── U.S. ──, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).[2] In *Finley,* the Court held that the Federal Tort Claims Act (hereinafter "FTCA") authorizes actions only against the United States, and not against other parties as to whom there is no independent basis of federal jurisdiction. *Id.* at 2010. After carefully examining the text of the FTCA which provides that the "district courts shall have exclusive jurisdiction of civil actions against the

United States," 28 U.S.C. § 1346(b) (1982), the Court concluded " 'against the United States' means against the United States *and no one else.*" *Id.* at 2008 (emphasis added).

Relying on the interpretive rule announced in *Finley,* Gretencord contends that this court must similarly conclude that the FELA authorizes jurisdiction only over railroads. While the FTCA and the FELA do not have identical jurisdictional grants, the Eighth Circuit concluded earlier this year that *Finley*'s holding is equally applicable to the FELA:

> We see no *relevant* difference in the two provisions ... [T]he FTCA confers jurisdiction over "civil actions on claims against the United States." 28 U.S.C. § 1346(b). By comparison, the FELA provides that "[e]very common carrier by railroad ... shall be liable ...," 45 U.S.C. § 51 and, further, that *"[u]nder this chapter,* an action may be brought in a district court of the United States,...." 45 U.S.C. § 56 (emphasis added). It is clear from this language that the FELA accomplishes in two steps what the FTCA accomplishes in one: a grant of jurisdiction over claims involving particular parties, in this case FELA claims against railroads.

*Lockard v. Missouri Pac. R.R. Co.,* 894 F.2d 299, 302 (8th Cir.1990). In light of the Supreme Court's ruling in *Finley* that pendent party jurisdiction exists only where Congress has affirmatively granted such jurisdiction, and the Eighth Circuit's decision in *Lockard* that pendent party jurisdiction is not authorized by the FELA, we hold that federal jurisdiction does not exist over Gretencord.

---

**1.** *See Tersiner v. Union Pacific R.R., et al.,* 740 F.Supp. 1519, 1523 (D.Kan.1990) ("second question is whether examination of the specific statute that confers jurisdiction upon the federal courts suggests that Congress expressly or by implication negated the exercise of jurisdiction over non-federal claims asserted by a plaintiff. *See Aldinger v. Howard, supra,* 427 U.S. at 16–19 [96 S.Ct. at 2421–2423]").

**2.** In *Finley,* a widow's husband and two children were killed when their plane flew into electric

power lines on its approach to a city-operated airfield in San Diego, California. She filed an action against the United States under the Federal Torts Claim Act, 28 U.S.C. § 1346(b), alleging the Federal Aviation Administration had negligently maintained runway lights at the airfield. The plaintiff subsequently moved to amend her complaint to add state tort-law claims against the city and utility company that maintained the power lines.

IT IS THEREFORE ORDERED that the motion of defendant for reconsideration is granted. The claim against Gretencord is dismissed for lack of subject matter jurisdiction.