**Billie Joe REEVE, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant and Cross–Claimant,**

v.

**Kelvin JEFFERSON, Cross–Defendant.**

**Civ. A. No. 90–2068–L.**

United States District Court, D. Kansas.

April 30, 1992.

Sarah A. Brown, Hill, Beam–Ward & Alberg, Overland Park, Kan., for Billie Joe Reeve.

Michael B. Buser, Shook, Hardy & Bacon, Overland Park, Kan., for Union Pacific R.R.

N. Jack Brown, John L. Hampton, Boddington & Brown, Chtd., Kansas City, Kan., for Kelvin Jefferson (terminated 1/7/92).

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This case is currently before the court on three motions filed by the parties. Cross-defendant Kelvin Jefferson (Jefferson) asks the court to dismiss the cross-claim asserted by defendant and cross-claimant Union Pacific Railroad (Union Pacific) (doc. # 60), and plaintiff Billie Joe Reeve (Reeve) has filed a motion for an order to endorse an expert witness (doc. # 89) and a motion for leave to amend the pretrial order and his witness and exhibit lists (doc. # 90). A hearing was held on these motions on April 27, 1992. For the reasons set forth in the record at that hearing, plaintiff's motions were denied (except to the extent that plaintiff will be permitted to put on evidence at trial of his actual special damages). The court took under advisement Jefferson's motion to dismiss the cross-claim. After carefully reviewing the briefs submitted by the parties and the case authority relating to the issues raised, the court now grants Jefferson's motion.

Plaintiff Reeve, a former employee of the Union Pacific Railroad, brought this action against the Union Pacific and Jefferson under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, after he was allegedly injured in an automobile accident involving vehicles driven by Jefferson and a Union Pacific employee. Union Pacific filed a cross-claim against Jefferson, alleging that any injuries that Reeve suffered were caused by Jefferson. This court then dismissed Reeve's direct claim against Jefferson, finding that FELA does

not authorize pendent party jurisdiction. Union Pacific's cross-claim, however, was left intact.

Jefferson's motion to dismiss the cross-claim challenges the court's personal and subject matter jurisdiction over him and argues that the cross-claim was not brought within the applicable statute of limitations. At oral argument the court ruled that it has personal and subject matter jurisdiction over Jefferson and the cross-claim, but the court took the motion to dismiss under advisement on the statute of limitations issue. That issue is the subject of this order.

■ A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson*, 750 F.2d at 813. The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The automobile collision that gave rise to this lawsuit occurred on March 9, 1988. Reeve's action was filed on March 8, 1990, naming the Union Pacific and Jefferson as defendants. Union Pacific filed its answer on April 3, 1990, in which it asserted its cross-claim against Jefferson.

Jefferson claims that the statute of limitations applicable to the cross-claim is the two-year limitations period in K.S.A. § 60–513(a)(4) (1983).[1] He contends that Union Pacific's cross-claim was not timely because the statue began to run on the date that the accident occurred. Union Pacific,

on the other hand, claims that the statute of limitations for comparative implied indemnity claims does not begin running until any judgment on the underlying claim is paid by the party seeking indemnity. Thus, under this theory, the cross-claim is not barred by the statute of limitations.

■ A railroad's claim for contribution or indemnity for liability incurred under FELA depends entirely upon state law. *Tersiner v. Union Pacific R.R.*, 754 F.Supp. 177, 178 (D.Kan.1990), *aff'd*, 947 F.2d 954 (10th Cir.1991); *Gaulden v. Burlington Northern, Inc.*, 232 Kan. 205, 210–11, 654 P.2d 383 (1982). This court must therefore attempt to determine what the Kansas Supreme Court would do if confronted with this issue. This inquiry is complicated by the interplay among the federal three year statute of limitations for plaintiffs to file FELA actions, the Kansas two year limitations period applicable to comparative implied indemnity claims, and the judicially crafted "one action rule," under which Kansas courts mandate litigation of all issues of fault in one lawsuit. *See, e.g., Gaulden*, 232 Kan. at 213, 654 P.2d 383; *Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978).

■ The starting point in this investigation is the Kansas Supreme Court's decision in *Kennedy v. City of Sawyer*, 228 Kan. 439, 618 P.2d 788 (1980). In that case, the Kennedys filed a negligence action against the city and its councilman after the councilman's application of a herbicide solution along the city's fence led to arsenic poisoning of the Kennedy's cattle. The principal defendants filed a third-party petition pursuant to K.S.A. § 60–214 against the seller of the herbicide, alleging the seller's negligence as a basis for 100% indemnification by the seller for any liability the principal defendants incurred to the Kennedys. The city eventually settled with the Kennedys on behalf of all of the defendants, and then sought to recover against the third-party defendants for indemnity. *Id.*

---

1. K.S.A. § 60–513(a)(4) provides that "[a]n action for injury to the rights of another, not

arising on contract, and not herein enumerated" shall be brought within two years.

Confronted with the prospect of reconciling the new comparative negligence principles of K.S.A. § 60–258a with established principles of settlement in tort actions, the *Kennedy* court "redefined the indemnity right in light of comparative negligence principles and coined the phrase 'comparative implied indemnity.'" [2] *Ellis v. Union Pacific R.R.*, 231 Kan. 182, 186, 643 P.2d 158, *aff'd on reh'g*, 232 Kan. 194, 653 P.2d 816 (1982). *Kennedy* crafted a new right of comparative indemnity when the comparative fault scheme would otherwise have been unavailable because of a complete settlement by the plaintiff. *Id.; Kennedy*, 228 Kan. at 460, 618 P.2d 788.

The Supreme Court's decision in *Gaulden v. Burlington Northern, Inc.*, 232 Kan. 205, 654 P.2d 383 (1982), extended the *Kennedy* rationale by conferring a cause of action for comparative implied indemnity in a case in which the comparative fault scheme was unavailable, not because of a settlement, but because of the operation of the FELA statute. That case involved an action brought by a former railroad employee against the railroad and a third party under FELA. The court held that:

> a carrier against whom suit is brought under FELA for injuries sustained by an employee within this state should have and does have a right of contribution or comparative implied indemnity, under Kansas law, against a third party tortfeasor, once it is established (1) that the third party's negligence partially caused or contributed to the injury and damage, (2) that the carrier has some causal negligence, and (3) that the injured employee's causal negligence is less than 50% of the total causal negligence. We further hold that the causal fault or negligence of all parties ... should be submitted to

the jury and the percentage of fault of each determined in one lawsuit.

> ... In order to assert its right against a third party, a carrier must bring the third party into the lawsuit ... and must assert a claim for contribution or "comparative implied indemnity" against the third party *before the running of the statute of limitations*, so that the third party will be aware that he or she may be subjected to monetary liability and can appear and defend against such claim.

*Id.* at 214, 654 P.2d 383 (emphasis added). The court clearly held that a claim for comparative implied indemnity must be filed before the statute of limitations has run. Unfortunately, however, it is not clear from the court's decision when the limitations period begins to run.

Union Pacific notes that courts in this district have previously held that a cause of action for contribution does not arise until "the party seeking contribution pays more than its fair share of an obligation." *Travelers Insurance Co. v. Feld Car & Truck Leasing Corp.*, 517 F.Supp. 1132, 1136 (D.Kan.1981) (citing *Cipra v. Seeger*, 215 Kan. 951, 953, 529 P.2d 130 (1974)); *Tersiner v. Union Pacific R.R.*, 743 F.Supp. 1463, 1464 (D.Kan.1990) (unpublished memorandum and order) (citing *Travelers*, 517 F.Supp. at 1136). We now find, however, that this interpretation, although reasonable when applied to pure indemnity and contribution claims that are brought as separate actions after a judgment has been entered, should not be applied in comparative implied indemnity cases like the one at bar.

The decisions in *Travelers* and in *Tersiner* both relied on the Kansas Supreme

---

**2.** The court distinguished indemnity claims from contribution claims in *Kennedy*. The court found that indemnity claims, which shift 100% of the loss from the indemnitee to the indemnitor, are different from contribution claims, which contemplate shifting only part of the loss from one party to another. The court also noted that there are two types of indemnity: one occurring when there is an express contract of indemnity, and one when a contract of indemnity is implied. *Kennedy v. City of Sawyer*, 228 Kan. 439, 455, 618 P.2d 788 (1980).

The court recognized, however, that an indemnity claim in which the fault of the parties is compared is also different from a traditional implied indemnity claim. *See id.* The term "comparative implied indemnity" is "a departure from traditional definitions of the term 'indemnity' and creates the risk of confusion with traditional concepts of *contribution*." *Ellis v. Union Pacific R.R.*, 231 Kan. 182, 185, 643 P.2d 158 (1982) (emphasis in original); *see also City of Redondo Beach v. Superior Court*, 90 Cal.App.3d 25, 153 Cal.Rptr. 271, 274 (1979).

Court's holding in *Cipra v. Seeger*, 215 Kan. 951, 529 P.2d 130 (1974). *Cipra* involved a claim for contribution in the context of a business dispute, not a comparative negligence action. As the court's decision in *Gaulden* indicates, however, the Kansas comparative negligence statute, K.S.A. § 60–258a, adds a different twist to contribution and indemnity claims. "Essentially, the *Gaulden* case allows a defendant carrier to transform a FELA action into a comparative negligence action and eliminate the need for 'contribution', since '[t]he equitable need for contribution vanishes' when the fault and liability of all tortfeasors is proportionally determined in one lawsuit." *St. Louis Southwestern Ry. v. Board of County Commissioners*, 716 F.Supp. 13, 14 (D.Kan.1989) (quoting *Teepak, Inc. v. Learned*, 237 Kan. 320, 325, 699 P.2d 35, 40 (1985)). Hence, the contrary results in *Travelers* and *Tersiner* may have been by-products of the "risk of confusion" heralded in *Ellis*, 231 Kan. at 185, 643 P.2d 158.

The *Gaulden* decision sets forth three prerequisites that a railroad must meet in order to recover in contribution from a third-party defendant. The court did not hold, however, that a cause of action for comparative implied indemnity *accrues* when these three prerequisites are met. It merely concluded that a railroad must establish these elements before it can recover from a third-party defendant. Union Pacific's argument that a cause of action for comparative implied indemnity accrues only after the party seeking contribution has paid more than its fair share is inconsistent with *Gaulden's* mandate that the fault of all parties should be determined in one lawsuit.[3] If the railroad's cause of action for comparative implied indemnity does not arise until it has paid more than its share, a comparative implied indemnity claim would not be ripe until the underlying claim had been adjudicated. The fault of all of the parties could never be adjudicated in a sin-

gle lawsuit under this interpretation. The court therefore rejects Union Pacific's argument.

The *Gaulden* opinion indirectly indicates that the statute of limitations for comparative implied indemnity claims should begin when the plaintiff's underlying claim accrues. The *Gaulden* court relied on *Ellis v. Union Pacific R.R.*, 231 Kan. 182, 643 P.2d 158, *aff'd on reh'g*, 232 Kan. 194, 653 P.2d 816 (1982), which was a comparative negligence action in which a post-settlement proportional contribution claim arose. The issue for adjudication was framed thus: "May appellant Union Pacific proceed against the governmental codefendants in a suit for comparative implied indemnity where the plaintiffs made no claim against those defendants *and the statute of limitations for any claim by the plaintiffs* has passed?" *Id.* at 184, 643 P.2d 158 (emphasis added). The court denied the comparative implied indemnity claim because no "claim" had been asserted against the third-party defendants by either the principal plaintiffs or the third-party plaintiff within the limitations period on the plaintiff's claim. *See id.* at 191, 643 P.2d 158.

Under Union Pacific's theory here, its claim in *Ellis* should have been allowed because the third-party plaintiff's claim for indemnity would not have accrued until the third-party plaintiff had paid more than its share in the settlement. Yet, the *Ellis* court did not reach that result. This court therefore believes that in order for the Kansas Supreme Court to remain true to its position in *Gaulden* and to its position in *Ellis* it would have to hold that the statute of limitations for a comparative implied indemnity claim begins to run when the underlying plaintiff's cause of action accrues. Thus this court must hold the same. *See id.; see also City of Redondo Beach v. Superior Court*, 90 Cal.App.3d 25, 153 Cal.Rptr. 271, 274 (1979) (cross-claim for proportionate contribution must

---

**3.** As this court has previously recognized, the Kansas Supreme Court has "adhered to an extremely tenacious one-trial-of-issues policy in cases subject to the comparative fault statute." *Joseph Manufacturing Co. v. Olympic Fire Corp.*, 781 F.Supp. 718, 721 (D.Kan.1991). The *Olym-*

*pic Fire* decision traces the history and importance of the one-action rule in Kansas Supreme Court jurisprudence. *See also Mick v. Mani*, 244 Kan. 81, 766 P.2d 147 (1988); *Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978); *Eurich v. Alkire*, 224 Kan. 236, 579 P.2d 1207 (1978).

be filed within limitations period applicable to plaintiff's underlying injury claim).

The Supreme Court's language in *Gaulden* emphasizes the importance of putting the third-party defendant on notice of the potential claim against him by the third-party plaintiff. *Gaulden*, 232 Kan. at 214, 654 P.2d 383. The court's conclusion that the statute of limitations for a comparative implied indemnity claim begins to run when the principal plaintiff's underlying claim accrues also effectuates that goal. Under Union Pacific's interpretation, the third-party defendant could be subjected to liability long after the underlying incident occurred because the indemnity claim could not be brought by the third-party plaintiff until the principal plaintiff's claim has been tried and a judgment reached. In our complex and interrelated world of fault claims and liability insurance, to hold the window of liability open against the third-party defendant for such an indefinite period of time would vitiate *Gaulden's* mandate of putting third-party defendants on timely notice of the claims against them and of litigating all claims in a single suit.

Union Pacific argues persuasively that interpreting the comparative implied indemnity statute to begin running when the plaintiff's underlying cause of action accrues will allow FELA plaintiffs to file their complaints against railroads within the federal limitations period but so late as to bar comparative implied indemnity claims by railroads under Kansas law. The court recognizes the harshness of this result to Union Pacific in the case at bar. Here, Reeve brought his FELA action almost two years after the accident occurred; well within the three year statute of limitations for FELA actions, but only one day before the two year comparative implied indemnity statute of limitations ran. Nevertheless, as best this court can determine, the Kansas Supreme Court has voiced its opinion, although in a less-than-clear tone, that a comparative implied indemnity claim must be made within a two year statute of limitations which begins running when the underlying fault cause of action accrues. Because state law controls this issue, this court's function is to determine what the state law is and then to apply that law to the facts of this case. Under what appears to be the state law here, Union Pacific's cross-claim for indemnification against Jefferson was untimely.[4]

It is not this court's function to pass judgment on the propriety of state laws. Well-established principles of federalism mandate that state courts and the state legislature are the proper bodies to make changes, if any, to state laws. This court will leave to those bodies the determination of whether the rule at issue in this case is appropriate.

It is therefore ordered that the motion to dismiss filed by third-party defendant Jefferson (doc. # 60) is granted. This action is dismissed on the merits as to Mr. Jefferson.

It is further ordered that, for the reasons set forth on the record, plaintiff Reeve's motion for an order to endorse an expert witness (doc. # 89) is denied, and plaintiff Reeve's motion to amend the pretrial order and witness and exhibit lists (doc. # 90) is denied (except to the extent that plaintiff will be permitted to put on evidence at trial of his actual special damages).

It is further ordered that this case is set as the number two case on the trial calendar for June 9, 1992.

IT IS SO ORDERED.

---

**4.** At the hearing in this case the court entertained the notion that the statute of limitations may begin to run when the carrier is put on notice of the claim against it. Although that would harmonize the railroad's opportunity to shift some or all of the loss to one who bore fault with the one-action rule, the court found no authority in Kansas law for such a determination nor would it be consistent with the limited contribution right which *Gaulden* and *Ellis* seem to confer. Moreover, it would seem to tip the delicate balance against the right of the alleged third party tortfeasor to timely notice and opportunity to defend further than those cases appear to allow. Although notice and opportunity to defend are not issues here because Jefferson was sued in the initial action, albeit importunely, timeliness is an issue here and notice and opportunity could well be issues in another case.