**Billie Joe REEVE, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant.**

**Civ. A. No. 90–2068–L.**

United States District Court,
D. Kansas.

July 1, 1992.

Sarah A. Brown, Hill & Beam–Ward, Overland Park, Kan., for plaintiff Billie Joe Reeve.

Keith T. Borman, Union Pacific Railroad Co., North Kansas City, Mo., Michael B. Buser, Shook, Hardy & Bacon, Overland Park, Kan., for defendant Union Pacific R.R.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff has filed a Motion for Consolidation of this action with case No. 91–2351–V, *Reeve v. Jefferson,* now pending before Judge Van Bebber (Doc. # 107). That motion has been filed in both cases. For the reasons set forth below, his motion is denied.

The first reason for which the court denies the motion is its untimeliness. Service of process was obtained over defendant Jefferson in 91–2351–V on April 9, 1992. On April 27, 1992, the parties appeared before this court on various motions in 90–2068–L, 790 F.Supp. 1074. The issue of consolidation was not raised. The case had been placed on the trial calendar for June of 1992 and the court indicated its unwillingness to postpone the trial any later than its own schedule dictated. Presently, the case is set as first up on July 7, 1992 (it not having been reached during June because of trials in other matters). This motion for consolidation was filed on June 26, 1992. It would appear that by granting the motion it would be necessary for the court to continue the trial in 90–2068–L and the court is unwilling to do so for this purpose.

The second reason that the court declines to consolidate the cases is that the court believes that consolidation would render this matter more confusing for the jury and would unduly complicate the resolution of the issues raised in this case. The claim against the defendant Union Pacific that it has violated the Federal Employers' Liability Act is fundamentally different from the claim against Mr. Jefferson of automobile negligence. It would appear to the court that Mr. Jefferson would be no more entitled in 91–2351–V to compare the fault of Union Pacific, as articulated in the pretrial order in this case, with his alleged fault than the Union Pacific would be entitled to compare the fault of Mr. Jefferson here.

There may be an issue of comparative fault in 91–2351–V involving the alleged negligence of a Union Pacific employee in actually driving the vehicle in which the plaintiff rode at the time of the collision, but the court has already ruled that this claim is not a part of case No. 90–2068–L as a basis for the Union Pacific's alleged liability here because it had not been made a part of the pretrial order and was first raised well after the pretrial order had been entered. By consolidating the cases and purporting to compare the fault of the Union Pacific employee with the fault of Mr. Jefferson, the potential for confusion and undue prejudice to the Union Pacific would outweigh other potential advantages of consolidation.

The plaintiff's Motion for Consolidation (Doc. # 107) is denied. The case will proceed to trial at 9:00 a.m. on July 7, 1992.

IT IS SO ORDERED.