(985 P.2d 723)

No. 80,803

THOMAS R. SCHAEFER and LISA ANN SCHAEFER, *Plaintiffs*, v. HORIZON BUILDING CORPORATION, *Third-Party Plaintiff/Appellant*, v. THE HOLLAND CORPORATION, INC., *Third-Party Defendant/Appellee*, and CAMPBELL, BARBER, LAMBERT & ASSOCIATES, P.A., *Third-Party Defendant*.

Opinion filed August 20, 1999.

*Andrew T. McCullagh, Michael A. Childs*, and *Jerry Brumfield*, of Brown & James, P.C., of Kansas City, Missouri, for appellant.

*Paul C. Gurney*, of Law Offices of Paul C. Gurney, of Overland Park, for appellee.

Before BRAZIL, C.J., KNUDSON, J., and JAMES P. BUCHELE, District Judge, assigned.

BRAZIL, C.J.: Horizon Building Corporation (Horizon) appeals the trial court's summary dismissal of its third-party claim against The Holland Corporation, Inc. (Holland). We affirm.

Horizon was building a housing development. On September 27, 1983, Horizon contracted with Holland to grade the land in preparation for building. Holland began work by October 6, 1983. Holland completed work on December 14, 1984. The Schaefers' home was completed in August 1985, and the Schaefers purchased the home on May 30, 1986.

Over time, the Schaefers noticed problems with settling in the structure. Terracon Consultants, a geotechnical consulting firm, analyzed the soil and found the house rested on fill. On February 6, 1992, Terracon reported: "The constituents within the fill strongly suggest that the fill may not have been placed as engineered fill. Fill which is not satisfactorily compacted will usually settle over a period of time." The report recommended extensive remedial work be done to the foundation of the house.

On September 23, 1993, the Schaefers filed suit against Horizon, Horizon's joint developer, and "John Doe," the subcontractor allegedly responsible for constructing the foundation. The Schaefers alleged negligence against all defendants. The Schaefers never served Holland and did not amend their petition to name Holland as a defendant.

Horizon moved for summary judgment, arguing the period of limitations had expired for tort claims. The trial court agreed. The Court of Appeals reversed and remanded, holding reasonable minds could differ on when the Schaefers knew or could have reasonably ascertained they had suffered substantial injury arising from Horizon's alleged negligence. *Schaefer v. Horizon Bldg. Corp.*, No. 75,241, unpublished opinion filed February 28, 1997.

On March 25, 1994, Horizon filed a third-party claim against Holland, alleging negligence and breach of contract and asserting rights of express or implied contractual indemnity or comparative implied indemnity. Holland moved for summary judgment on Horizon's claim, arguing the statute of limitations for direct claims by the Schaefers against Holland had lapsed, resulting in no valid cause of action for contribution against Holland. In response, Horizon stressed it was seeking indemnity rather than contribution. As a result, Horizon argued, the expiration of the period of limitations on the original plaintiffs' cause of action did not cut off Horizon's equitable indemnity claims against Holland.

The trial court granted Holland's summary judgment motion. The court rejected Horizon's claims of express and implied contractual indemnity. For the purpose of ruling on the summary judgment motion, the court found the Schaefers' cause of action accrued on February 6, 1992. The court held, as a threshold matter,

that Horizon had asserted a valid comparative implied indemnity claim, under *Kennedy v. City of Sawyer*, 228 Kan. 439, Syl. ¶ 9, 618 P.2d 788 (1980). Finally, the trial court found Horizon's period to file its comparative implied indemnity claim lapsed when the statute of limitations on the Schaefers' negligence claim expired. The court dismissed Horizon's third-party claim against Holland. Horizon appeals.

Before the court ruled on the motion, Horizon settled with the Schaefers for $46,000. The Schaefers agreed to release their claims against all parties. Horizon's third-party claim for indemnity against Holland for all or part of this settlement is the subject of Horizon's appeal. Horizon does not contest the trial court's rejection of its claims for express and implied contractual indemnity. The issues only concern Horizon's claim for comparative implied indemnity.

"Comparative implied indemnity" is an equitable remedy available to a single defendant, among a number of tortfeasors, who by settling with the plaintiff or paying a judgment, pays the other tortfeasors' share of liability. The trial court dismissed Horizon's third-party claim based on Horizon's failure to file before the statute of limitations had expired on the Schaefers' original cause of action. We agree the period of limitations began to run on plaintiffs' original cause of action by February 6, 1992.

For the purposes of summary judgment, the trial court also found Horizon held a valid claim for comparative implied indemnity based on broad language in *Kennedy*, 228 Kan. 439, Syl. ¶ 9. *Teepak, Inc. v. Learned*, 237 Kan. 320, 328, 699 P.2d 35 (1985), disapproved this language and held *Kennedy* sharply to its facts.

We disagree with the trial court and find as a matter of law Horizon held no valid claim for comparative implied indemnity against Holland. At the time Horizon filed its third-party claim and subsequently settled with the Schaefers, Holland was neither a named party nor at risk of suit because the statute of limitations on the plaintiffs' underlying cause of action had expired. As a result, Holland was not exposed to liability, and Horizon has not shown that any portion of its settlement expense is attributable to Holland. See *Teepak*, 237 Kan. at 328. Further, Horizon has refused to explain why joinder under K.S.A. 60-258a was not available, which

would have protected Horizon without exposing Holland to more liability than it faced in the original action.

The statute of limitations issue discussed in *Reeve v. Union Pacific R. Co.*, 790 F. Supp. 1074 (D. Kan. 1992), which the trial court found dispositive in this case, does not apply. The *Reeve* court had previously dismissed the plaintiff's direct claim against defendant Jefferson for jurisdictional reasons. The primary defendant, Union Pacific, could therefore show for the purposes of summary judgment that it was at risk of paying Jefferson's share of liability, absent contribution or comparative implied indemnity. *Reeve*, 790 F. Supp at 1075-76. The issue became at what time Union Pacific was required to file its comparative indemnity claim as a matter of procedure. In contrast, Horizon has no indemnity claim because the expiration of plaintiffs' statute of limitations rendered any claim worthless as a matter of logic, not because Horizon's own procedural statute of limitations had expired.

The district court's reasons for its decision are immaterial if the ruling was correct for any reason. *Dickerson v. Kansas Dept. of Revenue*, 253 Kan. 843, 848, 863 P.2d 364 (1993). We affirm based on Horizon's failure to show it had paid any damages on behalf of Holland. This is contrary to the district court's holding on this issue, but results in a correct outcome. It is therefore unnecessary for us to determine whether, in a case where a defendant has paid damages on behalf of another but does not have the benefit of joinder, the period to file an equitable implied indemnity claim is keyed to the statute of limitations on the plaintiff's underlying claim.

Affirmed.