**STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Appellant,**

v.

**A.H., Appellee.**

**No. S–5578.**

Supreme Court of Alaska.

Aug. 19, 1994.

Rehearing Denied Sept. 30, 1994.

---

* Justice Burke participated in oral argument but retired from the court before the opinion was rendered.

R. Poke Haffner, Asst. Atty. Gen., Fairbanks, and Charles E. Cole, Atty. Gen., Juneau, for appellant.

Andrew Harrington, Alaska Legal Services Corp., Fairbanks, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

This case presents the issue whether the Alaska Child Support Enforcement Division (CSED) is required to pay for paternity testing to determine the parentage of a child who has a legally presumed father.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A.H. and D.H., a married couple, separated and filed for dissolution of marriage.[1] At the February 1992 dissolution hearing, A.H. was pregnant with D.J., the father of whom she alleged to be J.Z. Because J.Z. did not acknowledge paternity, the court refused to grant the dissolution.

A.H. sought the assistance of CSED to establish paternity in J.Z. CSED refused, based on the state law presumption that D.H.—her husband at the time of conception—was D.J.'s father. A.H. then filed a

---

1. Alaska law authorizes a dissolution of marriage pursuant to AS 25.24.200–.260. This process is different than a divorce pursuant to AS 25.24.-010–.180. Dissolution requires that the parties agree to a separation of property, assumption of unpaid obligations and the support and custody of children of the marriage, or child with whom the woman is pregnant at the time dissolution is sought. AS 25.24.200(1)–(4).

2. AS 25.27.210(e), which applies to marital and domestic relations, including paternity determinations, provides in part:

paternity action against J.Z., who denied paternity.

Next, A.H. filed suit against CSED, claiming that because she received Aid to Families with Dependent Children (AFDC), CSED must pay for paternity testing. A.H. and D.H. both filed affidavits stating that D.H. was not D.J.'s father. The superior court granted A.H.'s motion for summary judgment and ordered CSED to provide assistance for testing to determine the paternity of D.J.[2] CSED appeals. AS 22.05.010.

## II. DISCUSSION

**A. This Case Falls Within the Public Interest Exception to the Mootness Doctrine.**

After the superior court ordered CSED to provide paternity testing, the parties agreed that CSED would not seek a stay of the order and A.H. would not argue mootness before this court. CSED then provided paternity testing which established that J.Z. is D.J.'s father.

 We expressed concern that the case was moot and requested that both parties brief the issue of whether the case falls within the "public interest" exception to the mootness doctrine. The public interest exception requires that an issue be (1) capable of repetition, (2) capable of evading review, and (3) of considerable public interest.[3] *Hayes v. Charney,* 693 P.2d 831, 834 (Alaska 1985).

 We conclude that each requirement of the public interest exception test has been met. The record indicates that this scenario—married women seeking to establish paternity in persons other than their husbands—is repeated regularly. The issue fre-

---

The superior court may enjoin agency action in excess of constitutional or statutory authority at any stage of an agency proceeding. If agency action is unlawfully or unreasonably withheld, the superior court may compel the agency to initiate action.

3. Alaska state courts are courts of general jurisdiction. Accordingly, mootness is a matter of judicial policy and discretion. *R.L.R. v. State,* 487 P.2d 27 (Alaska 1971); *In re G.M.B.,* 483 P.2d 1006 (Alaska 1971).

quently evades review because trial courts prefer not to leave the question of a child's paternity unsettled pending appeal. Thus a "paternity issue is likely to be determined before [an] appeal can be perfected."[4] Moreover, the efficiency and effectiveness of child support administration is of considerable public interest. Thus we will address the merits of this appeal.

### B. CSED Must Pay for Paternity Testing.[5]

Alaska Statute 25.27.040 provides in part: Determination of Paternity. (a) The agency shall appear on behalf of minor children or their mother or legal custodian or the state and initiate efforts to have the paternity of children born *out of wedlock* determined by the court. When the agency is a party in an action in which paternity is contested, it shall request and pay for tests and procedures.... The agency may recover the costs of the tests as a cost of the action, except that costs may not be recovered from ... [an AFDC recipient].

(Emphasis added). A.H. contends that because D.H. is not D.J.'s father, D.J. was born "out of wedlock." Furthermore, because she receives AFDC, CSED must pay for paternity testing to determine the paternity of D.J.

■ In Alaska there is a statutory presumption of the husband's paternity.[6] More-over, we recently adopted "[t]he longstanding common law rule ... that a child born to a married woman is presumed to be the off-spring of her husband."[7] *Smith v. Smith,* 845 P.2d 1090, 1092 (Alaska 1993). This presumption can be rebutted by clear and convincing evidence. *Id.* CSED argues that given the presumption of D.H.'s paternity, D.J. was not born "out-of-wedlock" for purposes of AS 25.27.040(a); therefore, CSED has no duty to pay for paternity testing.

■ We disagree. A.H. and D.H. each filed affidavits that D.J. is not D.H.'s child. There is no evidence of collusion on their part. For the limited purpose of construing AS 25.27.040(a)—i.e., whether a paternity action is "contested"—we hold that these unim-peached affidavits constitute clear and convincing evidence sufficient to rebut the presumption of D.H.'s paternity and to require CSED to pay for paternity testing.[8]

### III. CONCLUSION

■ State law provides that AFDC recipients are entitled to paternity testing at CSED's expense where there is a "contested paternity action." We hold that under Alaska law, the term "contested paternity action" applies to situations involving children born to (1) unmarried women, and (2) married women, such as A.H., who have overcome the presumption of the husband's paternity by

---

4. This court has held that such time considerations affect the "evading review" prong of the test. *See Doe v. State,* 487 P.2d 47, 53 (Alaska 1971) (reviewing pre-adjudication juvenile detention order where appeal followed adjudication); *G.M.B.,* 483 P.2d at 1008 (reviewing pre-disposition juvenile detention order where appeal followed disposition hearing).

5. Because this case involves a question of law, we apply the substitution-of-judgment standard of review. *Loeb v. Rasmussen,* 822 P.2d 914, 917 (Alaska 1991).

6. AS 18.50.160(d) provides:
 If the mother was married at the time of conception or birth, the name of the husband shall be entered on the certificate as the father of the child unless paternity has been determined otherwise by a court of competent jurisdiction, in which case the name of the father, if determined by the court, shall be entered.
 *See also* Alaska CSED Procedure Manual § 6600.5 (employing nearly identical language).

7. This interpretation is consistent with the great weight of authority. *See, e.g., Wilkins v. Georgia Dep't of Human Resources,* 255 Ga. 230, 337 S.E.2d 20, 22 (1985); *Johnson v. Studley–Preston,* 119 Idaho 1055, 812 P.2d 1216, 1219 (1991); *Pursley v. Hisch,* 119 Ind.App. 232, 85 N.E.2d 270, 271 (1949); *Smith v. Robbins,* 91 Mich.App. 284, 283 N.W.2d 725, 729 (1979); *Gursky v. Gursky,* 39 Misc.2d 1083, 242 N.Y.S.2d 406, 409 (N.Y.Sup.1963); *In re Legitimation of Locklear by Jones,* 314 N.C. 412, 334 S.E.2d 46 (1985); *State v. Coliton,* 73 N.D. 582, 17 N.W.2d 546, 549 (1945); *In re Marriott's Estate,* 515 P.2d 571, 573 (Okl.1973).

8. Rebutting the presumption in this manner would not be dispositive of the ultimate issue of D.J.'s paternity. For example, if J.Z.'s test came back excluding him as D.J.'s father, then CSED certainly could require testing of D.H. at CSED's expense.

clear and convincing evidence. Because CSED unlawfully withheld such assistance, the superior court properly ordered it to provide paternity testing.[9]

AFFIRMED.

EASTAUGH, J., not participating.

---

**9.** Given this disposition, we need not address A.H.'s due process, equal protection and right-to-privacy claims under the United States and Alaska Constitutions, or A.H.'s federal statutory claim.