Gerald S. JANITSCHECK,
Plaintiff—Appellant,

v.

UNITED STATES of America,
Defendant-third-party-
plaintiff—Appellee,

v.

Louis L. Weller Architects P.C.; Martell & Associates P.A., Defendants-
third-party-defendants—Appellees.

No. 01–35354.
D.C. No. CV–98–00005–HRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2002.

Decided Sept. 11, 2002.

Before B. FLETCHER, ALARCON, and GRABER, Circuit Judges.

## MEMORANDUM *

Plaintiff Gerald Janitscheck sued the United States[1] under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, alleging negligence. Plaintiff, an employee of an independent contractor, fell from a fuel tank while refilling it. The United States filed a third-party complaint for apportionment against the designers of the fuel tank, Louis Weller Architects and Martell & Associates (the Architects). The district court granted summary judgment to the United States on the ground that the United States owed no duty to Plaintiff. Plaintiff then sued the Architects directly, but the district court granted summary judgment in favor of the Architects because Plaintiff's action against them was too late. Plaintiff timely appeals both decisions here. We reverse the district court's judgment as to the United States, but affirm the judgment as to the Architects.

1. *Plaintiff's Claim Against the United States*

Claims under the FTCA are governed by state law, specifically the law of the state where the claim accrued. *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir.2001), *cert. denied*, ⸺ U.S. ⸺, 122 S.Ct. 816, 151 L.Ed.2d 700 (2002). We review de novo the district court's grant of summary judgment, *id.* at 1021, as well as the district court's interpretation of state law, *Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1054 (9th Cir.2002), *amended by* 2002 WL 1800314, at *4 (9th Cir. Aug.7, 2002).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The United States has been substituted as Defendant pursuant to 25 U.S.C. § 450f.

Alaska follows the general rule that "the employer of an independent contractor owes no duty to the independent contractor's employees to protect them from the negligence of the employees' own master." *Moloso v. State*, 644 P.2d 205, 210 (Alaska 1982). This rule does not serve to bar liability between employers and independent contractors altogether. For example, the employer does owe a duty to avoid endangering those independent contractors "by the employer's own negligent actions or omissions." *Id.* Further, employers are liable for injuries to an independent contractor if the employer retains sufficient control over the work. In those circumstances, the employer is "responsible for all harmful consequences of its own negligent exercise of that control." *Id.* at 211. Finally, employers are also liable for injuries to an independent contractor if the work to be done creates a "peculiar risk of harm." *Sievers v. McClure*, 746 P.2d 885, 887 (Alaska 1987).

■ The district court determined that the United States did not retain sufficient control over the work to give rise to a duty of care to Plaintiff in terms of how his work was performed. This fact is essentially undisputed; Plaintiff controlled every aspect of his work refueling the tanks, including when the work was performed. The district court also determined that Plaintiff's work did not pose the kind of "peculiar risk" that justified an exception to the general rule. We agree. *See Sievers*, 746 P.2d at 888 (holding that risks ordinarily encountered in a particular line of work are not "peculiar" for purposes of the exception).

■ However, the United States still may be liable for its *own* negligence. In this case, Defendant concedes that it was obligated to comply with regulations promulgated by the Occupational Safety and Health Administration (OSHA). Plaintiff argues that the tank he was charged with refilling did not comport with an OSHA regulation, specifically 29 C.F.R. § 1910.24, which requires fixed stairs or ladders to be placed on certain structures.

Such a federal regulation creates a duty of care under the FTCA only if the law of Alaska provides that it does. *See FDIC v. Meyer*, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (recognizing that state law controls liability under the FTCA). In Alaska, the violation of a statute can establish negligence per se. *Ferrell v. Baxter*, 484 P.2d 250, 263 (Alaska 1971). In such a case, the statute supplants the common law as to both duty and standard of care. *Dahle v. Atl. Richfield Co.*, 725 P.2d 1069, 1073 (Alaska 1986). In order for the violation of a statute to constitute negligence per se, Alaska requires that the statute "set forth a specific standard of conduct beyond that defined in a common law duty." *Id.* Further, a statute or administrative regulation must meet four criteria in order to supplant concepts of common law duty and standard of care. Its purpose must be

"(a) to protect a class of person which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results."

*Ferrell*, 484 P.2d at 263 (quoting Restatement (Second) of Torts § 286 (1965)).

The OSHA regulation meets Alaska's requirements. First, the regulation is unquestionably specific beyond the standard of care articulated in the common law; it provides detailed requirements for when fixed stairs are required. Second, the

fixed-stairs regulation was promulgated to protect workers like Plaintiff from injuries like the one Plaintiff suffered: specifically, a fall from a structure.

■ We therefore conclude that, under Alaska law, the United States had a duty to Plaintiff to comply with this OSHA regulation. Whether the tank in question complied with that regulation is a genuine issue of material fact. Accordingly, we reverse the district court's grant of summary judgment to the United States.

2. *Plaintiff's Claim Against the Architects*

■ Alaska requires that litigants bring tort claims within two years after the injury occurs. Alaska Stat. § 09.10.070. Plaintiff argues that *Alaska General Alarm, Inc. v. Grinnell,* 1 P.3d 98 (Alaska 2000), allows him to bring this claim against the Architects even though the statute of limitations bars his direct tort claim. We disagree.

In *Grinnell,* the Alaska Supreme Court held that the statute of limitations on tort actions does not preclude a *defendant* from suing other potentially liable parties for apportionment. *Id.* at 102. In other words, a defendant who seeks to allocate fault arising from the plaintiff's claim may bring an action against another potentially responsible party, even though the statute of limitations bars the plaintiff from suing that same party directly. The *Grinnell* court held that the separate nature of an apportionment claim allows recovery between responsible parties even when the Plaintiff no longer can seek direct recovery because of the statute of limitations. *Id.* at 106–07.

Here, the United States did exactly what *Grinnell* permits. The government sued the Architects, even though Plaintiff is time-barred from suing them directly.

Plaintiff asserts that, once a third-party defendant is joined for apportionment pur-

poses, the tort statute of limitations is no longer a bar to a direct suit. That argument misreads *Grinnell.*

*Grinnell* distinguishes between tort claims and apportionment claims, *id.* at 105, holding that "we find no basis in law, reason, or precedent to conclude that an action commenced by a third-party complaint to apportion damages under AS 09.17.080 ... should be governed by AS 09.10.070, the statute of limitations governing the underlying tort claim—a distinct cause of action," *id.* at 106. The Supreme Court explained "that third-party claims for contribution or indemnity are separate from underlying tort actions from which they arise." *Id.* at 105. Regardless of when defendants are expected to join the potentially responsible party, the court held, the claim for apportionment is distinct because "the defendant, not the plaintiff, initiates the third-party claim, and at its root the claim is a mechanism for spreading damages." *Id.* In other words, *Grinnell* allows apportionment claims to be raised in the same action, outside the two-year tort statute of limitations, while *preserving* that two-year limitation for direct actions.

Because Plaintiff is now beyond the two-year period during which he could have sued the Architects directly, we affirm the district court's grant of summary judgment in favor of the Architects.

The district court's grant of summary judgment in favor of the United States is REVERSED, and the case is REMANDED for further proceedings. The grant of summary judgment in favor of the Architects is AFFIRMED. Costs awarded to Architects payable by Plaintiff; as between Plaintiff and the United States, the parties shall bear their own costs.